**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ADRIENNE REYNOLDS,             *

                          *

     Plaintiff,           *

                          *

     v.                 *     CV 214-129

                          *

U.H.S. of Delaware, Inc.   *

d/b/a/ Saint Simons       *

by the Sea Hospital,      *

                          *

     Defendant.          *

------

**O R D E R**

------

Before the Court is Defendant's motion to dismiss (doc. no. 10) and Plaintiff's motion to amend (doc. no. 12). For the reasons set forth herein, the motion to dismiss is **GRANTED** and the motion to amend is **DENIED**.

**I. INTRODUCTION**

On August, 8, 2014, Plaintiff, through counsel, filed a complaint in this Court against U.H.S. of Delaware, Inc. d/b/a Saint Simons by the Sea Hospital pursuant to Title VII of the Civil Rights Act alleging race and age discrimination. (Compl. ¶¶ 29-44.) On November 13, 2014, Plaintiff filed a "Voluntary Dismissal of Defendant and Substitution of H.H.C. of Saint Simons, Inc. as Defendant." (Doc. no. 7.) In her dismissal, Plaintiff states the following:

> [Plaintiff] voluntarily dismisses Defendant U.H.S.
> of Delaware, Inc. and amends to substitute H.H.C.
> of St. Simons, Inc. as Defendant herein. Counsel
> for U.H.S. of Delaware, Inc. has notified counsel
> for Plaintiff that U.H.S. of Delaware, Inc. is not
> a proper party to this action, therefore Plaintiff
> dismisses U.H.S. of Delaware, Inc. and shall amend
> her Complaint accordingly.

(Id.) Plaintiff did not file an amended complaint with her dismissal. On December 30, 2014, Plaintiff filed an Amended Complaint dismissing U.H.S. St. Simons, Inc., d/b/a St. Simons by the Sea as Defendant and adding H.H.C. St. Simons, Inc. d/b/a St. Simons by the Sea as Defendant. (Am Compl. at 1.)

On February 4, 2015, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. no. 10.) Defendant argues that, by failing to add the proper party prior to dismissing the only Defendant in this action, Plaintiff dismissed the action and stripped the Court of jurisdiction. Plaintiff acknowledges that she should have filed her Amended Complaint contemporaneously with her dismissal. (Doc. no. 11.) She contends, however, that the forty-seven day delay did not prejudice Defendant's ability to defend against Plaintiff's claims. According to Plaintiff, Defendant has had notice of Plaintiff's claims since Plaintiff filed charges with the Equal Employment Opportunity Commission on January 3, 2014.

On February 25, 2015, Plaintiff filed a "Motion to Amend/Correct Plaintiff's Response in Opposition to

2

Defendant's Motion to Dismiss." (Doc. no. 12.) She explains that "counsel for both U.H.S. of Delaware, Inc., and H.H.C. St. Simons, Inc., has brought to Plaintiff's counsel's attention" certain information regarding which entity is the proper Defendant in this case. (Doc. no. 12.) Plaintiff admits that her "Voluntary Dismissal of Defendant and Substitution of H.H.C. of Saint Simons, Inc. as Defendant" filed on November 13, 2014, should have been captioned "Motion for Leave to Amend to Name the Proper Defendant" as contemplated by Federal Rule of Civil Procedure 15(c). Despite the mistakes, Plaintiff's counsel requests that the amendment be permitted and the naming of the party be changed.

## II. DISCUSSION

A party may amend its pleading once as a matter of course before being served with a responsive pleading. Miller v. R. L. Conway, 331 F. Appx. 664, 665 (11th Cir. 2009)(quoting Fed. R. Civ. P. 15(a)(1)). Thus, when Plaintiff filed her dismissal, she could have amended her Complaint to include H.H.C. Saint Simon's, Inc. as the proper party pursuant to Rule 15. Instead, she dismissed the sole Defendant, then attempted to add the correct Defendant forty-seven days later. Plaintiff's counsel admits her two procedural errors and asks the Court to liberally construe her pleadings.

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff's dismissal was effective when filed and the Court now lacks subject matter jurisdiction over Plaintiff's claims. Dillay v. City of E. Point, 2006 WL 266 WL 2661057, at *1 (N.D. Ga. Sept. 15, 2006)(court lacks jurisdiction to take further action because Rule 41(a)(1) voluntary dismissal immediately concludes litigation of dismissed claims). Plaintiff's claims are **DISMISSED** without prejudice.

## III. CONCLUSION

Upon the foregoing, **IT IS ORDERED** that Defendant's motion to dismiss (doc. no. 10) is **GRANTED,** and Plaintiff's motion to amend (doc. no. 12) is **DENIED.** Plaintiff's claims are **DISMISSED.** The Clerk is **DIRECTED** to **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of May, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia